MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**KRISTAL SCOTT**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

**City Of Detroit, City Of Detroit Police Department, Bridget Lamar, Gail Oxendine, Former Police Chief James Craig, Leticia Jones-City of Detroit Attorney, Valerie Bryant-York Risk Management**

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 5:21-cv-12774
Judge: Levy, Judith E.
MJ: Patti, Anthony P.
Filed: 11-29-2021 At 02:12 PM
CMP SCOTT V. CITY OF DETROIT ET AL (DA)

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

## Complaint for a Civil Case

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

## Violation of The Americans with Disability Act 42 U.S.C.12101 (§)

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, (name) __Kristal Scott__,
    is a citizen of the State of (name) __Michigan__.

    b. If the plaintiff is a corporation
    The plaintiff, (name) __NA__,
    is incorporated under the laws of the State of (name)
    __Michigan__, and has its principal place of business in the State of (name) __Michigan__.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, (name) _____, is a citizen of the State of (name) __Michigan__. Or is a citizen of (foreign nation) __USA__.

    b. If the defendant is a corporation
    The defendant, (name) __CITY OF DETROIT, CITY OF DETROIT POLICE__, is incorporated under the laws of the State of (name) __Michigan__, and

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain):*

Greater than 75,000 or whatever the courts finds fair and reasonable.

III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

-Plaintiff after being laid off in 2005 returned back to work in 2006 when called back a month after giving birth to a child. She was told she needed a medical clearance in order to be sworn back in. Plaintiff gave clearance to the medical section as well as supervision. The Department refused to have her sworn in, her certification expired now causing her to have to retake written and shooting tests. Plaintiff is now working restricted due to not being sworn back in on time, now she's with a classmate who has a similar medical issue requiring him to be sworn in as well.

Plaintiff is approached by Lt. David LaVelley (white male) who orders her to get recertified with a two day notice. Plaintiff returns to work that Monday morning only to find out that her classmate who is a white male will be sworn in that week without having to be recertified even though he went past his date.

Plaintiff won lawsuit in 2009/2010, in which she alleged racial and sex discrimination. July 13, 2012 plaintiff was injured on duty in a motorcycle accident. Plaintiff was given approximately 8 weeks of physical therapy before she injured herself again when the office chair broke she fell and hit her head on the metal desk. The plaintiff was denied the right through workers comp to seek treatment she was told it's probably just a headache and to rest up for the weekend and return to work that Monday morning. The plaintiff was continuing to have headaches, slurred speech and confusion along with memory loss. Plaintiff sought medical attention to which she discovered she was suffering from a concussion, however, despite medical diagnosis James Kerns city of Detroit Workers comp refused medical treatment for the injury and cleared her of the injury. Plaintiff continued to seek treatment. The plaintiff was given 4 more weeks of physical therapy. The plaintiff also re-injured her leg while headed to work.

The plaintiff was unable to have x-rays taken due to being pregnant. Plaintiff was sent to a doctor in Plymouth who stated that she was able to perform the functions of a police officer besides being pregnant and medical section workers put plaintiff off work for being pregnant and stopped any money from coming to plaintiff. Plaintiff was told that she could return to work after she gave birth, all of this despite the fact that plaintiff was still injured and being treated for injuries from the doctors (that she had to pay for) she was sent to and from the medical section. Plaintiff filed a civil rights complaint against The Detroit Police Department for not allowing plaintiff to work simply because of the fact that she was pregnant. Plaintiff then met with the medical section doctor who told her that her injury was not duty related. Plaintiff was contacted by Shanae Edmunds of the workers comp sectional and told once she gave birth they needed to,have a follow up meeting.

Plaintiff attended the meeting along with her union representative (Fawaz) and medical section personnel Officer Bradley, Dr. Blessman, Lt. Pastella Williams and Shanae Edmunds. At which time, Dr. Blessman admitted his mistake and told everyone that mistakes are human and he apologized for the mistake and said that he would be changing plaintiffs eligibility rating asap. He also stated that she would receive the medical treatment and help she needed to get better. Plaintiff returned back to work January 21, 2014 after maternity leave and her personal doctor putting her on a leave of absence to heal from extreme back pain and knee pain.

Medical section immediately made the plaintiff an appointment for a second opinion instead of taking the recommendation of the treating doctor. Plaintiff went to the I.M.E. doctor Dr Henry who stated that the plaintiff suffered from patella femoral syndrome which she stated came from a previous work related injury. Plaintiff found out that she won her grievance and was given the right to be made whole which would have given her all of her time off back to her medical appointments as well as physical therapy.

Plaintiff wrote several letters and spoke to several people in the union and at the medical section about getting all of the time back that she was owed. When they paid the plaintiff they purposely left off approximately 4 months of pay. All while still denying plaintiff medical treatment of her injury. Plaintiff was then advised that she was on a list to be retired. Plaintiff after giving birth to another child in 2015 was given a copy of the list that she was on.

In 2015, plaintiff contacted Vallerie Bryant several times to ask her why she was being denied medical treatment despite the fact that she won her grievance, and is still being refused medical treatment to heal and get better from her work related injury. Plaintiff was sent several letters from a doctor tied to the pension system requesting her to set up an appointment for retirement. Plaintiff refused to call as he was not a department doctor and it was unusual for the department to require you to attend a doctor's appointment for a doctor who was solely attached to the pension system.

Plaintiff was then ordered by Bridget Lamar to go to see Dr. Endress from the pension system. Plaintiff along with co-worker Officer Henry was sent to Dr. Endress who informed them immediately after they arrived that his role was to retire them. Plaintiff contacted the medical section again about when treatment will start and why they would put her on a retirement list when she has not been given the chance to see a doctor and heal from her injuries. Once again the plaintiff was denied treatment from the medical section and from Valerie Bryant who gave no reason why treatment was being denied just that it was not going to be given. Plaintiff was finally retired on September 17, 2017. Plaintiff along with co-worker Yarlen Henry filed an appeal with pension days before she was retired and once again this appeal was ignored and plaintiff was told that she was unable to work while the appeal was going on when surrendering her work equipment.

September 20, 2017, plaintiff while out of town on a regular scheduled furlough was sent a letter which was hand delivered to her address on file stating she had two days to come back to work and if she was not back in those two days she would further be denied the right to work during the appeal. Plaintiff along with Officer Henry both returned to town and went to the department to see about getting our jobs back and we were both told it's too late and "NO" by a sergeant in the human resource department. Plaintiff then asked for her retirement badge in which she was also denied and told they have a limited amount and if they gave one to her they would have to give one to people with 5 years on the department who retired, despite the fact she had thirteen active years on the job. Plaintiff and co-worker filed a grievance against the department for not allowing them to work as everyone else who was forced to retire had during their appeal, and for being forced to leave or retire due to a duty related injury while others who were injured off duty, and on disability for excess years were not forced to retire. Plaintiff requested an appeal from a second doctor and Bridget lamar refused to send over plaintiff's medical records. The same medical records that they sent to Dr. Endress and the same medical records they sent for coworker Yarlen Henry.

Plaintiff contacted Bridget Lamar several times and she continued to give her the run around. Lamar continued to deny that they even had medical records for the plaintiff. This continued for several days as she called the plaintiff in a meeting with attorney Leticia Jones, an attorney for the Legal department, listening in on Sgt.Felicia Jewel (civil rights department) and one more person who the plaintiff wasn't familiar with. She ended by saying she's not sending any medical records because they don't have them, all while laughing and talking to the others listed in her presence. Not providing medical records holds up the entire process in which the plaintiffs retirement case is closed out and the plaintiff can receive regular pension checks as everyone else that was forced to retire received. Months went on and plaintiff was without money from September 2017 to April 2018, eight months in which plaintiff went without money all because the defendant (Bridget Lamar) refused to send over medical records to an independent doctor in which could compare them and come to a conclusion. After waiting so long without money, the plaintiff went to get medical records which was strictly illegal and gave them to the independent doctor in efforts to get the case closed and to start getting paid. During this time, Ms Vallerie Bryant (York Risk Management)was contacted again in which the plaintiff requested medical treatment for her injury in which she had not received since early 2014. However, plaintiff was retired in 2017 for this same injury that the city tried to say didn't exist, in which they the plaintiff could go back full duty and finally the defendant retiring her for this injury and sending her to a doctor who stated this is a permanent life restricting injury in which she could no longer request accommodations for and keep her job as other are still being afforded the right to do who are in a restricted position.

Valerie Bryant called the plaintiff to explain that she would not give workers comp for the injury because the city of Detroit only has it set up to receive Workers comp or Duty disability. So she then denied plaintiff the right to seek medical treatment for an injury that she received on duty, which she was denied treatment for and only received 8 doctor visits and 10 weeks of physical therapy for her injury. The Detroit Police Department sent her to an independent doctor who stated this is a permanent injury despite the two previous independent doctors that the city sent her to who stated that she could return to work full duty. When the plaintiff was considered for retirement the department allowed various police personnel to look through medical information to form a timeline for pension, which is private and confidential and should not have been accessed by random people in the Police Department as it is protected by Hippa. These people who were picked to put together the timeline lied and were incorrect in the timeline which was put together for pension in an effort for them to retire the plaintiff. After plaintiff filed grievances and EEOC complaints as being part of a protected class, defendant began to retaliate against her by denying her medical treatment which she was denied the duration of her injury, the right to work while pregnant, won grievance (money and time back), doctors appointments, being put on payroll to be paid directly after retirement, the right to work during her appeal, Harassment from workers comp personnel James Kerns, and her duty weapon and badge. Plaintiff was continually discriminated against after her first encounter with the Detroit police department in which she sued the department for race and sex discrimination. Lastly Per department policy plaintiff was susppose to be offered another job and position, however plaintiff was never offered another job or position from Gail Oxendine, or Bridget Lamar which was in direct retaliation for filing EEOC complaints and grievances.

-Plaintiff after being laid off in 2005 returned back to work in 2006 when called back a month after giving birth to a child. She was told she needed a medical clearance in order to be swon back in.

-Plaintiff gave clearence to the medical section as well as supervison. The Dpt refused to have her sworn in, her certificatiion expires now causing her to have to retake written and shooting test.

_Plaintiff is now working restricted due to not being sworn back in, in time now she's with a classmate who has a similar medical issue requiring him to be swon in as well.

_Plaintiff is aproached by Lt. David LaVelley (white male) who orders her to get recertified with a 2day notice.

-Plaintiff returns to work that Monday morning only to find out that her classmate who is a white male will be sworn in that week without having to be recertified even though he went past his date.

_Plaintiff won lawsuit in 2009/2010. In which she allege racial and sex discrimination.

-7/13/2012 paintiff was injured on duty in a motorcycle accident

-Plaintiff was given aprox 8 weeks of physical therapy before she injured herself again when the office chair broke she fell and hit her head on the metal desk.

-Plaintiff was denied the right through workers comp to seek treatment she was told it's problaly just a headache, rest up for the weekend and return to work that monday morning.

- Plaintiff was continuing to have headaches, slurred speech and confusion along with memory loss.

-Plaintiff sought medical attention which discovered she was surffering from a concussion however despite medical diagnosis James Kerns city of Detroit Workers comp refused to give

medical treatment for the injury and cleared her of the injury. Plsintiff continued to seek treatment.

-Plaintiff was given 4 more weeks of physical therapy.

-Plaintiff re injured her leg while headed to work.

-Plaintiff was unable to have xrays taken due to being pregnant. Plaintiff was sent to a doctor in Plymouth who stated that she was able to perform the functions of a police officer besides being pregnant and medical section workers put plaintiff off work for being pregnant and stopped any money from coming to plaintiff. Plaintiff was told that she could return to work after she gave birth, all of this despite the fact that plaintiff was still injured and being treated for injuries from the doctors she was sent to from the medical section.

-Plaintiff filed a civil rights complaint against The Detroit Police Department for not allowing plaintiff to work simply because of the fact that she was pregnant. Plaintiff then met with the medical section doctor who told her that her injury was not duty related.

-Plaintiff was contacted by Shanae Edmunds of the workers vomp sectiona and told once she gave birth they needed to have a follow up meeting.

-Plintiff attended meeting along with her union representative (fawaz) and medical section personell Officer Bradley, Dr. Blessman, Lt. Pastella Williams and Shanae Edmunds. At which time Dr. Blessman admitted his mistake and told everyone that mistakes are human and he apoligized for the mistake and said that he would be changing plaintiffs eligibility rating asap. He also stated that she would receive the medical treatment and help she needed to get better.

-Plaintiff returned back to work 1/21/2014 after maternity leave and her personal doctor putting her on a leave of absenc to heal from extreme back pain and knee pain.

-Medical section immediately made the plaintiff an appointment for a second opinion instead of tking the recommendation of the treating doctor.

-Plaintiff went to the I.M.E. doctor Dr Henry who stated that plaintiff suffered from patella femoral syndrome which she stated came from a previous work related injury.

-Plaintiff found out that she won her grievance and was given the right to be made whole which would have given her all of her time off back to her, medical appoinmrnts as well as physical therapy.

-Plaintiff wrote several letters and spoke to several people in the union and at the medical section about getting all of the time back that she was owed. When they paid the plaintiff they purposely left off aprox 4 months of pay. All while still denying plaintiff medical treatment fo rher injury.

-Plaintiff was then advised that she was on a list to be retired. Plaintiff aftergiving birth to another child in 2015 was given a copy of the list that she was on.

2015-Plaintiff contacted Vallery Bryant several times to ask her why she was being denied medicall treatment despite the fact that she won her grievance stating that

-2016 still being refused medical treatment to heal from her work related injury she was sent several letters from a doctor related to the pension system requesting her to set up an appointment for retirement. Plaintiff refused to call as he was not a department doctor and it was unusual for the department to require you to attend a doctor's appointment for a doctor who was only related to the pension system.

-Plaintiff was then ordered by Bridget lamar to Go to see Dr. Endress from the pension system.
_plaintiff along with co-worker Officer Henry was sent to Dr. Endress who informed them immediately after they arrived that his role was to retire them.

-Plaintiff contacted the medical section again about when treatment will start and why they would put her on a retirement list when she has not been given the chance to see a doctor and heal from her injuries. One again i was denied treatment from the medical section and from Valerie Bryant who gave no reason why treatment was being denied just that it was not going to be given.

-Plaintiff was fianlly retired 9/17/2017

-Plaintiff along with co-worker Yarlen Henry filed a appeal with pension days before she was retired and once again this appeal was ignored and plaintiff was told that she was unable to work while the appeal was going on.

- 9/20/2017 plaintiff while out of town on a regular scheduled furlough was sent a letter which was hand delivered to her address on file stating she had two days to come back to work and if she was not back in those two days she would further be denied the right to work dfuring the appeal.

-Plaintiff alsong with Officer Henry both returned to town and went to the department to see about getting our jobs back and we were both told it's too late and "NO" by a sergeant in the human resource department. We then asked for our retirement badges in which we were also denied and told they have a limited amount and if he gave one to her he would have to give one to people with 5 years in the department who retired, despite the fact she had thirteen active years on the job.

_Plaintiff and co-worker filed a grievance against the department for not allowing them to wrk as everyone else had during their appeal, and for being forced to leave or retire due to a duty related injury whie others who were injured off duty, and on diabliity for excess years were not forced to retire.

-Plaintiff requested an appeal from a second doctor and Bridget alamar refused to send over plaintiff's medical records. The same medical records that they sent to Dr. Endress and the same medical records they sent for coworker Yarlen Henry.

_Plaintiff contacted Bridget Lamar severla times and she continued to give her the run around. She continued to deny that they even had medical records for her. This continued for several days as she called me in a meeting with L. Jones was an attorney for the Legal department, listening in Felecia Jewel (civil rights deaprtmen) and one more person who the plaintiff wasnt familiar with. She ended by saying she's not sending any medical records because they dont have them, all while laughing and talking to the others listed in her presence.

-Holding up my medical records holds up the entire process in which my retirement case is clsoed out and the plaintiff can get paid.

_Months went on and plaintiff was without money from Sept/2017 to April/2018 eight months in which plaintiff went without money all because the defendant refused to send over medical records to an independant doctor. After waiting so long without money plaintiff went to get medical records which was strictly illegal and gave them to the indepemdant doctor in efforts to get the case closed and to start getting paid.

-During this time Ms Vallerie Bryant was contacted again in which plaintiff requested medical treatment for her injury in which she had not received medical trreatment for since early 2014, but was retired in 2017 for this same injury that the city tried to say didnt exist and that palintiff could go back full duty to defendant retiring her for this injury and sending her to a doctor who stated this is a permanent life restricting injury in which she could nol longert request accomodations for and keep her job as other are still being afforded the right to do.

-Valerie Bryant called plaintiff to explain that she coud not give workers comp for the injury because the city of Detroit only has it set up to receive Workers comp or Duty disability. So she then denied plaintiff the right to seek medical treatment for an injury that she received on duty, which she was denied treatment for and only received 8 doctor visits and 10 weeks of physicl therapy for an injury the Deteoit Police Department ended sending her to an independent doctor who stated this is a permanent injury despite the two previous independant doctors tating that she could return to work full duty.

-When plaintif was considered for retirement the department allowed different various police personnel over time to look through medical information to form a timeline for pension, in which they lied and were incorrect in the timeline which was just an effort to retire plaintiff.

_after plaintiff filed grievances and EEOC complaints as being part of a protected class Defendant began to retaliate against her by denying her medical tretment, the right to work while pregnant, won grievance (money and time back),doctors appointments, being put on payroll to be paid directly after retirement, the right to work during her appeal, and her duty weapon and badge.

-Plaintiff wscontinually discrimanated gainst after her first encounter with the detroit police department in which she sued the department for race and sex discrimination.

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, the Plaintiff, Kristal Scott, requests that this Court enter a judgment in this cause awarding the Plaintiff damages, including:
a. Compensatory damages;
b. Exemplary damages
c. Monetary value of lost wages and benefits, past and future, in whatever amount plaintiff is found to be entitled:
d. An award of interest, costs and reasonable attorney fees; if needed and,
e. Any additional monetary or equitable relief this court should deem Warranted.
F. Damages including the loss of earnings and earning capacity; loss of fringe and pension benefits; including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.
G. Damages including the loss of earnings and earning capacity; loss of fringe and pension benefits; including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __November 29__, 20__21__.

Signature of Plaintiff _____Kristal Scott_____

Printed Name of Plaintiff _____Kristal Scott_____

P.O. Box 871583
Canton, MI 48188

6

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

## Additional Information:

COUNT IN - VIOLATION OF THE AMERICANS WITH DISABILITIES AMENDMENT ACT. 42 USC 12101 et seq. FOR DISCRIMINATION ON THE BASIS OF PRECEIVED DISABILITY
perceived disability, and in retaliation for her exercise of ADA rights, by constructively terminating the Plaintiff's employment by forcing her to retire.
- In furtherance of its decision to discriminate against the Plaintiff because of disability, the Defendants willfully refused and failed to provide the Plaintiff with permission to continue to work during plaintiffs appeal.
Plaintiff was not offered another position or job with the department per department policy.
- As a result of the violations of the ADA described herein, Plaintiff has suffered and will continue to suffer damages as described above.

COUNT II
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
RETALIATION
- The Plaintiff incorporates all of the foregoing paragraphs of this complaint by reference as if stated in full herein.
-The ADA further prohibits retaliation against employees who exercise their rights under the ADA, including persons that request reasonable accommodations from their employer.
- Notwithstanding its obligations under the ADA, and in willful violation of thereof, the Defendants retaliated against the Plaintiff because she engage in activity protected by the ADA, by requesting accommodations, medical treatment, and doctors vistits For her injury as others were in the same and similar position were given these same accommodations to this day.

COUNT III- VIOLATION OF PLAINTIFF'S RIGHTS AS A PERSON WITH A DISABILITY
Plaintiff incorporates all paragraphs, word for word and paragraph for paragraph, as though set forth in full herein.,
-Defendant's were aware that Plaintiff suffered from a physical disability, as outlined in her medical records.
-Defendants violated the Americans with Disabilities Act at 42 USC 12102 et seq., and the Michigan Persons with Disabilities Civil Rights Act at MCL 37.1101 by failing to accommodate Plaintiff and her disability as they did others still working, as indicated by the allegations herein.

COUNT IV - RETALIATION AND WRONGFUL TERMINATION.
Plaintiff incorporates all Paragraphs, word for word and paragraph for paragraph, as though set forth in full herein.
-Defendants retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); and in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2701(a), because she complained and filed EEOC complaints due to her protected status while being disabled and pregnant and not allowed to work during her pregnancy, which are protected activities.
-Plaintiff was put on a list to be retired and ultimately harassed and then retired.
-Plaintiff was not allowed to work during her appeal.
-plaintiff was never offered another job or position.
-Plaintiff was left without money or benefits due to the refusal of the human resource manager to send over her medical records to the IME doctor.
-Plaintiff ultimately had to provide medical records to the IME doctor or plaintiff would still not be retired fully to this day.
-As a result of Defendant's retaliation plaintiff lost benefits she could no longer pay for, her credit score went down, and she was no longer able to take care of family due to no income coming in for more than eight months.

7

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kristal Scott

**DEFENDANTS**
City Of Detroit, Detroit Police Department, Gail Oxendine, Valerie Bryant, Leticia Jones/Former Police chief James Craig

(b) County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

P.O. Box 871583
Canton, Mi 48188

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Case: 5:21-cv-12774
Judge: Levy, Judith E.
MJ: Patti, Anthony P.
Filed: 11-29-2021 At 02:12 PM
CMP SCOTT V. CITY OF DETROIT ET AL (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [X] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [X] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTOPM 1331, 28 U.S.C SEETIN 1342(A)(4) AND 28 USC SECTION 1367, 42 U.S.C. 12117, et seq

Brief description of cause:
defendants discriminated against plaintiff for her disability and she was also harassed and retaliated against by defendants

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 11/29/2021

SIGNATURE OF ATTORNEY OF RECORD: [signature] 11/29/2021

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☐ No

   If yes, give the following information:

   Court: __**Wayne County Circuit Court**__

   Case No.: __**17-011789-CZ**__

   Judge: __**Honorable Susan L. Hubbard**__

Notes :

Text