UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTAL SCOTT,

        Plaintiff,                                          Case No. 21-cv-12774

vs.                                                       HON. MARK A. GOLDSMITH

CITY OF DETROIT, et al.,

        Defendants.

_____/

**ORDER (1) WITHDRAWING REFERRAL OF CASE TO MAGISTRATE JUDGE, (2) DENYING PLAINTIFF'S MOTION FOR REINSTATEMENT OF PREVIOUS JUDGE (Dkt. 32) , AND (3) REFERRING CASE BACK TO MAGISTRATE JUDGE**

Before the Court is Plaintiff Kristal Scott's motion for reinstatement of the judge originally assigned to this case (Dkt. 32). For the reasons that follow, the Court denies Scott's motion.[1]

This case was originally assigned to the Honorable Judith E. Levy. Because it was identified as a companion case to Case No. 20-11572, Scott v. City of Detroit, et al., the present action was reassigned to the undersigned under E.D. Mich. LR 83.11. See 2/22/22 Order (Dkt. 10).[2] Scott now requests that Judge Levy be reinstated to her case due to the undersigned's alleged

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

This matter was referred to Magistrate Judge Anthony Patti for all pretrial matters (Dkt. 20). The Court now withdraws its referral to address Scott's motion.

[2] Case No. 20-11572 and Case No. 21-12774 are companion cases because "it appears that . . . the same or related parties are present and the cases arise out of the same transaction or occurrence." E.D. Mich. LR 83.11(b)(7)(A). In Case No. 20-11572, Scott alleged that her former employer, the Detroit Police Department (DPD), "forcibly retired" her based on her disability and failed to provide the accommodations required by law. Am. Compl. (Case No. 20-cv-11572, Dkt. 6). She also alleged that Police Chief James Craig and Mayor Michael Duggan violated her Fourth and Fourteenth Amendment rights. Id. In the case presently before the Court, Scott sues the DPD,

bias against her. Mot. at 1–5. The entire basis for Scott's allegations of bias is Scott's understanding that the undersigned purposely identified and "pulled" Scott's latest action so that the undersigned could preside. Id. at 3; see also id. at 5 ("The mere fact that Judge Goldsmith has many cases a year and somehow remembers that he handled a previous case of mine is unsettling."). In support, Scott cites authorities concerning bias under (i) 28 U.S.C. § 144, (ii) the Due Process Clause, and (iii) state constitutions not binding in this action. See id. (citing Williams v. Pennsylvania, 579 U.S. 1, 8–9 (2016); Leonard v. Willcox, 142 A. 762, 770 (Vt. 1928)) (other citations omitted).

There is no merit to Scott's accusations of bias. The undersigned did not intentionally "pull[]" Scott's action. This case was reassigned to the undersigned in accordance with the standard procedures established by this district's local rules. When a judge to whom a case has been assigned becomes aware of a companion case, "upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." E.D. Mich. LR 83.11(b)(7)(D). Judge Levy identified a companion case to Case No. 21-12774, and, with the undersigned's consent, the newly filed case was reassigned to the judge with the earlier case number. See 2/22/22 Order. In no way does this process indicate that the undersigned has any bias for or against Scott.

All of the grounds asserted by Scott are unavailing. Section 144 provides for a biased judge's recusal only after "a party submits a timely, sufficient affidavit and her counsel certifies that the affidavit is made in good faith." Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007). Scott has not submitted an affidavit of any kind—much less one substantiating bias—

---

Craig, and other Defendants, alleging that Defendants constructively terminated her employment and "force[d] her to retire" in violation of newly identified statutes and in retaliation for her complaints. Compl. at 7 (Case No. 21-cv-12774, Dkt. 1).

2

and so her motion is properly denied under § 144. Id. at 352–353.

The cases she relies on are inapposite. Williams concerned a judge who had personal involvement in an earlier stage of that case, as a prosecutor, 579 U.S. at 8—a circumstance not present here. And in Leonard, the state supreme court ordered disqualification of a trial judge who had admitted being biased—again, a circumstance not present here. 142 A. at 770.

Scott imagines bias, even though the reassignment of this case was based on standard operating procedures. Scott's motion for reinstatement of the judge previously assigned to her case (Dkt. 32) is denied.

The Court refers this case back to Magistrate Judge Anthony Patti for all pretrial matters.

SO ORDERED.

Dated: June 14, 2022               s/Mark A. Goldsmith
       Detroit, Michigan           MARK A. GOLDSMITH
                                   United States District Judge