UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTAL SCOTT,

        Plaintiff,

v.

CITY OF DETROIT, *et al.*,

        Defendants.

_____/

Case No. 2:21-cv-12774
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST REMAINING DEFENDANT VALERIE BRYANT FOR FAILURE TO EFFECT TIMELY SERVICE PURSUANT TO FED. R. CIV. P. 4(m) AND FOR FAILURE TO SHOW CAUSE

**I.    RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant Valerie Bryant without prejudice for failure to comply with Fed. R. Civ. P. 4 and for failure to show cause.

**II.   REPORT:**

    **A.    Background**

Plaintiff Kristal Scott, proceeding *in pro per*, filed the instant action on November 29, 2021, against: (1) City of Detroit; (2) the Detroit Police Department (DPD); (3) Bridget Lamar; (4) Gail Oxendine; (5) former Police Chief James Craig; (6) Letitia Jones; and (7) Valerie Bryant from York Risk Management.

(ECF No. 1.)  Judge Goldsmith referred this case to me for all pretrial matters. (ECF No. 20.)

The Court learned at the September 19, 2022 status conference, and through the September 7, 2022 *ex parte* motion to withdraw (ECF No. 43), which the Court granted (ECF No. 46), that counsel for the City Defendants mistakenly accepted service (ECF No. 29) and entered appearances on behalf of Defendant Bryant. (ECF Nos. 13 & 14.)  Counsel for the City Defendants had no authority to do either, as Defendant Bryant was not employed by Defendant City during the time period at issue in this lawsuit, nor is she presently employed by Defendant City.

A summons was issued for Defendant Bryant on September 30, 2022 (ECF No. 49), and the United States Marshal Service (USMS) acknowledged receipt of service documents on October 17, 2022 (ECF No. 51).  However, the summons was returned unexecuted on January 27, 2023.  (ECF No. 59.)  On March 31, 2023, the Court issued an opinion and order dismissing all other defendants on the merits on *res judicata* grounds, leaving only Defendant Bryant in the case.  (ECF No. 64.)

**B.     The Court's Order to Show Cause**

Although the Court recognized the unusual circumstances here, where counsel for the City Defendants mistakenly accepted service on Defendant Bryant's behalf, thereby delaying further attempts at service, well more than 90 days have elapsed both since Plaintiff filed her complaint on November 29, 2021,

2

and since the USMS acknowledged receipt of service documents for Defendant Bryant on October 17, 2022. Accordingly, the Court ordered Plaintiff to show cause in writing by April 3, 2023 as to why her claims against Defendant Bryant should not be dismissed for failure to effect service in accordance with Fed. R. Civ. P. 4(m). (ECF No. 62.) Plaintiff timely filed her reply to the show cause order (ECF No. 65); however, for the reasons stated below, it is inadequate, and the last remaining defendant should be dismissed without prejudice for failure to serve.

**C.   Discussion**

Plaintiff has failed to perfect service in accordance with Federal Rule of Civil Procedure 4(m), which provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff's reply to the show cause order does not, in fact, show cause for the failure to serve. Instead, Plaintiff: (1) claims that she "was unaware until a couple of weeks ago that Valerie Bryant wasn't served with her complaint" (ECF No. 65, PageID.497), notwithstanding the fact that the docket has reflected since February 3, 2023 that the summons was returned unexecuted to the USMS (ECF No.59); (2) requests "that the defense state the exact time period in which Valerie Bryant was

3

employed by the Detroit Police Department[,]" notwithstanding the fact that there are no remaining defendants and discovery requests are not properly made through docket filings in any case, E.D. Mich. 26.2; and, (3) fails to provide any better address at which Bryant might be successfully served with process. The case is now sixteen months old. All of the other defendants have been dismissed on *res judicata* grounds and Plaintiff has also been unsuccessful in her related claims in the Michigan Court of Appeals. *Scott v. City of Detroit*, No. 348516, 2020 WL 2505385 (May 14, 2020). (*See* ECF No. 64, PageID.487.) Plaintiff has been unable to supply an address at which Bryant − a defendant whose job position is unclear from the pleadings and against whom Plaintiff's only allegations are that she denied Plaintiff medical treatment in 2014-2015, explaining "that she could not give workers comp for the injury because the [C]ity of Detroit only has it set up to receive Workers comp or Duty disability" (ECF No. 1, PageID.9, ¶¶ 6-8) − can be successfully served. As explained in this Court's most recent opinion (ECF No. 64), Plaintiff's grievances against the City of Detroit and its agents, regarding allegations that go back a decade, have now been through the Wayne County Circuit Court, the Michigan Court of Appeals, and are now in this Court for the second time. There is simply no reason to keep this matter open for an ongoing effort to find the one person not yet dismissed on the merits. The matter should be dismissed without prejudice and the case should be closed.

4

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

5

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 5, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE