UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTAL SCOTT,

    Plaintiff,                                                                 Case No. 21-cv-12774

vs.                                                                                      HON. MARK A. GOLDSMITH

DETROIT, CITY OF, et al.,

    Defendants.
_____/

**ORDER (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 66), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 67), AND (3) DISMISSING CLAIMS AGAINST DEFENDANT VALERIE BRYANT WITHOUT PREJUDICE**

This matter is presently before the Court on the report and recommendation (R&R) of Magistrate Judge Anthony P. Patti (Dkt. 66). In the R&R, the magistrate judge recommends that the Court dismiss without prejudice Plaintiff Kristal Scott's claims against Defendant Valerie Bryant. Scott filed objections (Dkt. 67). For the reasons that follow, the Court accepts the magistrate judge's recommendation, overrules Scott's objections, and dismisses Scott's claims against Bryant without prejudice.[1]

Scott—formerly employed as a police officer with Detroit Police Department—brought this case on allegations that she was forced to retire in September 2017 without proper medical care or accommodation for her disability. Scott alleges that Bryant denied Scott medical treatment in 2014–2015, though Scott does not clearly identify Bryant's role or job position. See R&R at 4 (citing Compl. ¶¶ 6–8 (Dkt. 1)). Following this Court's opinion and order granting the motion to dismiss filed by Defendants associated with the City of Detroit, Bryant is the only

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

Defendant remaining in this case.  See 3/31/23 Op. & Order (Dkt. 64).

Counsel for the City initially accepted service on behalf of Bryant (Dkt. 29).  However, as the magistrate judge explained, counsel had no authority to do so, as Bryant was not employed by the City during the period at issue in this lawsuit, nor is she presently employed by the City.  R&R at 2.  The City filed a motion for withdrawal of counsel (Dkt. 43), which the magistrate judge granted on September 19, 2022, see 9/19/22 Order (Dkt. 46).  The magistrate judge also directed Scott to submit a completed summons for Bryant by October 19—i.e., within 30 days—warning Scott that failure to timely submit the summons might result in a recommendation for dismissal.  Id.  A summons was issued for Bryant on September 30, and the United States Marshal Service acknowledged receipt of service documents on October 17 (Dkt. 51), but the summons was returned unexecuted on January 27, 2023 (Dkt. 59).

On March 13, 2023, the magistrate judge ordered Plaintiff to show cause why her claims should not be dismissed for failure to effect service in accordance with Federal Rule of Civil Procedure 4(m) (Dkt. 62).  Scott filed a reply on March 31 stating that she "was unaware until a couple of weeks ago that Valerie Bryant wasn't served with her complaint," though the docket had reflected since February 3, 2023 that the summons was returned unexecuted, and Scott remained unable to provide an address where Bryant might be successfully served.  R&R at 3–4 (quoting Reply to Show Cause Order (Dkt. 65)).  The magistrate judge recommends a dismissal of Scott's claims against Bryant without prejudice for failure to effectuate service in compliance with Rule 4(m), noting that "[t]here is simply no reason to keep this matter open for an ongoing effort to find the one person not yet dismissed on the merits."  Id. at 4.

Scott objects to this recommendation, stating that she "respectfully requests more time to provide service to defendant Valerie Bryant."  Obj. at PageID.507.  Scott appears to argue that

she should be able to serve Bryant through counsel for the City based on Bryant's former employment with the City, submitting that she "request[ed] that the [C]ity . . . establish a specific time period in which defendant Valerie Bryant did in fact work for the city of detroit [sic]," but "no date or specific time period was ever discussed when Ms. Bryant was employed by the [City]." Id. Scott insists that, "[i]n order to properly serve the defendant[,] a specific date of employment had to be established in order to see if in fact the defendant was properly served." Id.

The Court overrules Scott's objections. Nothing in the record indicates that Bryant has authorized counsel for the City of Detroit to accept service on her behalf. Scott cannot foist responsibility for effectuating service onto counsel for independent parties. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). The Court ordered Scott to submit a completed summons with an address sufficient to properly serve Bryant. See 9/19/22 Order. Scott failed to do so by the required due date of October 19, 2022, and almost seven months later, she has still not provided a sufficient address or effectuated proper service under Rule 4. Scott has presented no meritorious basis for the Court to allow her additional time. Because Scott has not timely served Bryant, dismissal without prejudice is proper. See Fed. R. Civ. P. 4(m).

For the reasons explained above, the Court accepts the magistrate judge's recommendation, overrules Scott's objections, and dismisses Scott's claims against Bryant without prejudice.

SO ORDERED.

Dated: June 6, 2023  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge